

Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Tom Smith aka Allen Carson Weathers, | CASE NUMBER: |
|---|---|
| PLAINTIFF(s) / PETITIONER(s) | CV 03-07723 RSWL (SS) |
| v. | |
| Bruce Parks, et al., | NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |
| DEFENDANT(s) / RESPONDENT(s) | |

TO: All Parties of Record

Tom Smith #153924-6
Patton State Hospital, Unit 35
3102 E. Highland Avenue
Patton, CA. 92369

Allison Hewon Chung
Deputy Attorney General
300 S. Spring Street, Suite 500
Los Angeles, CA. 90013-1230

You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed on **September 9, 2004**, a copy of which is attached.

Any party having objections to the report and recommendation shall, not later than **September 29, 2004**, file and serve a written statement of objections with points and authorities in support thereof before the Honorable **SUZANNE H. SEGAL**, U.S. Magistrate Judge.

Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

The report and recommendation of a Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until the judgment and/or order by the District Judge has been entered.

CLERK, UNITED STATES DISTRICT COURT

Dated: **September 9, 2004**

By: Kimberly Carter
Deputy Clerk

DOCKETED ON CM
SEP 13 2004
BY 057

M-51A (11/01)  NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM SMITH aka ALLEN CARSON WEATHERS,<br><br>        Petitioner,<br><br>    v.<br><br>BRUCE PARKS, et al.,<br><br>        Respondents. | NO. CV 03-7723-RSWL (SS)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DISMISSING PETITION WITHOUT PREJUDICE |

This Final Report and Recommendation is submitted to the Honorable Ronald S. W. Lew, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 01-13 of the United States District Court for the Central District of California.

## INTRODUCTION

On October 28, 2003, pursuant to 28 U.S.C. § 2254, Petitioner, who is civilly committed to Patton State Hospital under California's Mentally Disordered Offender penal code sections, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"). On

December 31, 2003, Respondent filed a Motion to Dismiss (the "Motion") on grounds that all of Petitioner's claims were unexhausted. On January 28, 2004, Petitioner filed a document entitled "Motion Not to Dismiss Petitioners Writ of Habeas Corpus," which the Court construed as an Opposition ("Opposition").[1]

Accordingly, this matter is now ready for decision. As the Court has concluded that Petitioner's claims are unexhausted, it is recommended that Respondent's Motion be GRANTED and that this action be dismissed without prejudice.

---

[1] Petitioner lodged a document entitled "First Ammendened Petition" on June 4, 2004. Although it is titled as an amended petition, the document is exactly the same as the original petition, except for the fact that the title page indicates it is an amended petition. Furthermore, it is missing all the pages after page 4 of the petition. Accordingly, the lodged document is ORDERED to be not filed, but rejected and returned to Petitioner.

Petitioner also filed a request for discovery and appointment of counsel on July 7, 2004. Because the Petition is being dismissed without prejudice, the request for discovery is DENIED. Furthermore, Petitioner is advised that there is no constitutional right to appointment of counsel in a case consisting of a Petition for Writ of Habeas Corpus by a state or federal prisoner pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241, or a motion to set aside a conviction or sentence by a federal prisoner pursuant to 28 U.S.C. § 2255. See McClesky v. Zant, 499 U.S. 467, 495, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); Duckett v. Godinez, 67 F.3d 734, 750 n.8 (9th Cir. 1995), cert. denied, 517 U.S. 1158, 116 S. Ct. 1549, 134 L. Ed. 2d 651 (1996). Because this Petition is dismissed without prejudice, Petitioner's request for counsel will also be DENIED.

Lastly, Petitioner appears to request that his Petition be combined with another patient's at Patton State Hospital. (Opposition at 1, 19, 27-28). He makes a request that they be joined as a class action. Indeed, in his Petition, he requests the release of all the patients in the hospital. (Petition at 7). Because the Court does not have jurisdiction over the Petition due to Petitioner's failure to exhaust, the Court DENIES the motion for class action certification.

**PRIOR PROCEEDINGS**

On April 4, 1994, following a bench trial in the Los Angeles County Superior Court, Petitioner was convicted of assault with intent to commit rape, in violation of California Penal Code section 220. Although Petitioner had entered a plea of not guilty by reason of insanity (Lodgement No. 1 at 22, 42), the trial court found that Petitioner was legally sane at the time of the commission of the offense. (Lodgement No. 1 at 54). The trial court found the allegation that Petitioner personally used a knife during the commission of the offense to be true. Petitioner was sentenced to fourteen years in state prison. (Lodgement No. 1 at 55-57).

Petitioner appealed his conviction to the California Court of Appeal. (Lodged Doc. No. 2). On August 18, 1995, the Court of Appeal affirmed the conviction in an unpublished opinion. (Lodged Doc. No. 3). Petitioner did not file a Petition for Review in the California Supreme Court.

On January 22, 2000, Petitioner was released to parole. As a condition of parole, Petitioner was required to accept treatment through the State Department of Mental Health. On March 1, 2000, the Board of Prison Terms determined that Petitioner had a severe mental disorder and met the criteria of California Penal Code section 2962 ("mentally disordered offender") and required Petitioner to be kept at the hospital for treatment.[2] (Lodged Doc. No. 4 at 1). On February 6, 2001, at an

---

[2] Under California Penal Code section 2962, a prisoner who meets the criteria of a mentally disordered offender shall be required to be

annual review hearing, the Board of Prison Terms determined that Petitioner had a severe mental disorder, that it was not in remission nor could not be kept in remission without treatment, and that he represented a substantial danger of physical harm to others by reason of his severe mental disorder pursuant to California Penal Code section 2966(c). (Lodged Docs. No. 4 at 1; No. 5 at 1).

Petitioner requested a hearing in San Luis Obispo County Superior Court for purposes of determining whether he met the criteria for civil commitment under California Penal Code section 2962. (Lodged Doc. No. 4 at 1). Petitioner waived a jury trial. On April 24, 2001, after a bench trial, the trial court found Petitioner met the criteria under Penal Code section 2962. The court recommitted Petitioner for treatment.[3] (Lodged Doc. No. 4 at 4-7).

---

treated by the state department of health as a condition of parole. The prisoner may have a hearing before the Board of Prison Terms, as well as petition the county superior court for a hearing on whether he met the criteria of section 2962. The prisoner is entitled to an attorney and a trial by jury. Cal. Penal Code § 2966.

Under California Penal Code section 2970, the district attorney may file a petition with the superior court for continued involuntary treatment. After a trial, if the court finds that the patient has a severe mental disorder which is not in remission or cannot be kept in remission without treatment, and that by reason of his severe mental disorder, the patient represents a substantial danger of physical harm to others, the court shall order the patient recommitted for a period of one year. Cal. Penal Code § 2972.

[3] Petitioner appears to allege that his civil commitment as a mentally disordered offender was extended three times, the last time in February or March 2003. (Petition at 2, 4). Respondent submits that he has not been able to locate the records pertaining to the alleged 2003 hearing. (Respondent's Motion at 6 n.2). However, because it is not disputed that Petitioner has failed to appeal any of the commitment orders to the California Supreme Court, thus rendering the Petition unexhausted, the Court need not determine which exact commitment order

4

Petitioner appealed the order of commitment to the California Court of Appeal. (Lodged Doc. No. 5). On September 17, 2001, the Court of Appeal informed Petitioner that he may personally submit a brief raising any contentions or issues which he wished the court to consider. (Lodged Doc. No. 6). Petitioner did not do so. On November 19, 2001, the California Court of Appeal affirmed the order of commitment after indicating that it had examined the entire record and determined that no arguable issues existed. (Lodged Doc. No. 7). Petitioner did not file a Petition for Review in the California Supreme Court. The instant Petition was filed on October 28, 2003.

## PETITIONER'S CLAIMS

In his federal petition, Petitioner raises the following grounds for relief:

1. Petitioner was not advised at the time of his sentencing for his criminal conviction that he could be detained as a mentally disordered offender. (Petition at 5).

2. Petitioner was unlawfully forced to have a mentally disordered offender hearing in February 2003. (Petition at 5).

3. Petitioner's right to due process was violated because he is serving "Double Time." (Petition at 6).

---

the Petition concerns.

4.  His recommitment hearings violate the Double Jeopardy Clause of the Constitution. (Petition at 6; Opposition at 6).

## DISCUSSION

The Court finds all of Petitioner's claims unexhausted, as further discussed below.

### A. Exhaustion Requirement Generally

A person held in custody pursuant to the judgment of a state court must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). An individual who is involuntarily confined by the state due to a mental disorder satisfies § 2254's "in custody" requirement. Tyars v. Finner, 709 F.2d 1274, 1279 (9th Cir. 1983). Thus, an individual like Petitioner who wishes to challenge the state's confinement order by way of a §2254 petition must exhaust state court remedies.

To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claims in the state courts in order to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Baldwin v. Reese, ___ U.S. ___, 124 S. Ct. 1347, 1348, 158 L. Ed. 2d 64 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam)).

A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate review process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845. He must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available. See Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996); Peterson v. Lambert, 319 F.3d 1153, 1156 (9th Cir. 2003) (petitioner must reach point where he has no state remedies available to him at the time he files his federal habeas petition). In a state like California, where review in the highest court is discretionary, a petitioner must still petition the highest court for review in order to exhaust his claim properly. See Peterson, 319 F.3d at 1156 (citing O'Sullivan, 526 U.S. at 845).

B. **Petitioner's Claims Were Not Presented to the California Supreme Court and Are Thus Unexhausted**

Petitioner seeks review of the order of commitment that the San Luis Obispo County Superior Court entered on April 24, 2001 following a court trial in which Petitioner was determined to be a mentally disordered offender. See Petition at 2. Although Petitioner appealed the order of commitment to the California Court of Appeal, it is undisputed that Petitioner did not present any of his claims to the California Supreme Court, either on discretionary direct review or by way of a state habeas petition.

1  Petitioner mistakenly contends that he exhausted his claims because
2  he appealed his conviction to the California Court of Appeal.
3  (Opposition at 2). He claims that he "went to the highest appeal court
4  [he] thought possible!" (Opposition at 21). However, as stated above,
5  even where review in the highest court is discretionary, a petitioner
6  must still petition the highest court for review in order to exhaust his
7  claim properly. See Peterson, 319 F.3d at 1156 (citing O'Sullivan, 526
8  U.S. at 845). See also James v. Giles, 221 F.3d 1074, 1077 n.3 (9th
9  Cir. 2000) (stating that a petitioner's presentment and denial of his
10 claims to the state court of appeal was insufficient to exhaust a claim;
11 petitioner must present his claims to the state supreme court); Gaitlin
12 v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (finding that because
13 California's established, normal appellate review procedure is a two-
14 tiered system, habeas petitioner in custody pursuant to judgement of a
15 California court was required to exhaust his habeas claims in petition
16 for review to California Supreme Court), cert. denied, 528 U.S. 1087,
17 120 S. Ct. 815, 145 L. Ed. 2d 686 (2000). This is so that the state
18 courts have the first opportunity to review the petitioner's claims and
19 provide any necessary relief. O'Sullivan, 526 U.S. at 844. "This rule
20 of comity reduces friction between the state and federal court systems
21 by avoiding the 'unseem[liness]' of a federal district court's
22 overturning a state court conviction without the state courts having had
23 an opportunity to correct the constitutional violation in the first
24 instance." Id. at 845 (citation omitted).
25
26  Petitioner claims that "Duncan v. Henry . . . does not apply to me
27 for I am higher then this rule because of the conspiracy of the states
28 courts and legislature, lawmakers, mainly the M.D.O law lays all

constitutional rights that this country was based on and throw them in the garbage!" (Opposition at 21). Petitioner appears to contend that the exhaustion requirement does not apply to him. Because Petitioner filed a petition under 28 U.S.C. § 2254, however, it is clear that there is an exhaustion requirement. Any person in custody pursuant to the judgment of a state court who applies for a writ of habeas corpus must have "exhausted the remedies available in the courts of the States" unless there is an "absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). See also Duckworth v. Serrano, 454 U.S. 1, 3, 102 S. Ct. 18, 70 L. Ed. 2d 1 (1981) (exception to exhaustion requirement "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief").

To the extent that Petitioner is claiming that he falls under any of the exceptions, he is incorrect. As long as Petitioner has the right under the law of the State to raise, "by any available procedure," his federal claims, he has not satisfied the exhaustion requirement. 28 U.S.C. § 2254(c). Under California law, Petitioner still has the opportunity to raise his unexhausted claims in a habeas petition to the California Supreme Court. See Cal. Penal Code § 1473; Carey v. Saffold, 536 U.S. 214, 221-25, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (describing California's "original writ" system, in which prisoners can file a new "original" habeas petition in every level of the state court system as long as it is reasonably timely); Park v. California, 202 F.3d 1146, 1153-54 (9th Cir.) (exhaustion may be effected by state habeas petition), cert. denied, 531 U.S. 918, 121 S. Ct. 277, 148 L. Ed. 2d 202

1  (2000). Although the California Supreme Court may deny Petitioner's
2  claims on procedural grounds, this is not certain or clear and "in no
3  way nullifies the fact that he had an adequate state remedy that has not
4  been exhausted." Tamalini v. Stewart, 249 F.3d 895, 899 n.2 (9th Cir.
5  2001).[4] Because Petitioner possesses an available state remedy that he
6  has yet to exhaust, the Petition must be dismissed.

D.  **The Petition Must Be Dismissed Without Prejudice, Rather Than Stayed**

As all of the claims in the Petition are unexhausted, dismissal of the Petition is warranted. Rose v. Lundy, 455 U.S. 509, 518-19, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) (requiring dismissal of a habeas petition containing unexhausted claims). The Court notes that the Petition is not a "mixed" petition—one containing both exhausted and unexhausted claims. In a mixed petition scenario, the Court has discretion to allow a petitioner to amend his petition by dismissing the unexhausted claims without prejudice, holding the exhausted claims in abeyance until the unexhausted claims are exhausted, and then allowing the petitioner to amend the stayed petition to add the (newly) exhausted claims. James v. Pliler, 269 F.3d 1124, 1126-27 (9th Cir. 2001) (citing

---

[4] To the extent Petitioner wishes to contend that his mental disorder interferes with his ability to exhaust state remedies, the record does not support such a contention. Rather, despite any mental impairment, Petitioner successfully filed his appeal of the order of commitment to the California Court of Appeal. (Lodged Doc. No. 5). He has also filed at least two actions in district court, including the present habeas petition and a previous civil rights action. See Tom Smith v. County Of Los Angeles, CV 03-5300 RSWL (SHS) (Petitioner's earlier civil rights action). Thus, he is capable of pursuing his state remedies before the California Supreme Court.

Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 988 (9th Cir.), cert. denied, 525 U.S. 920, 119 S. Ct. 274, 142 L. Ed. 2d 226 (1998)). Here, allowing amendment, abeyance, and further amendment is not feasible simply because there are no remaining exhausted claims to hold in abeyance once the unexhausted claims are dismissed. Accordingly, the Petition must be dismissed without prejudice.[5]

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

---

[5] The Court advises Petitioner to be aware of the statute of limitations set forth in 28 U.S.C. § 2254(d)(1).

Under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners held in custody pursuant to a judgment of a state court now have only one year from the date judgment of conviction becomes final in which to file their federal habeas petitions. However, the limitations period is subject to a statutory tolling provision, which suspends the period for the time during which a "properly-filed" application for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary" circumstances, equitable tolling may be available to toll the one-year limitations period. Malcolm v. Payne, 281 F.3d 951, 962-63 (9th Cir. 2002) (citation omitted).

The one-year limitations period here began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

11

## RECOMMENDATION

IT IS RECOMMENDED that the District Court issue an Order: (1) accepting and adopting this Report and Recommendation; (2) GRANTING Respondent's Motion to Dismiss; and (3) directing that Judgment be entered dismissing this action without prejudice.

DATED: September 9, 2004.

_Suzanne H. Segal_
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.